IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JEROME OLIVER SR. et al.,<br><br>     Plaintiffs,<br><br>  vs.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF PLACER, et al.,<br><br>     Defendants<br>_____/ | No. 2:12-cv-2388 GEB DAD PS<br><br><br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

       This matter came before the court on March 29, 2013, for hearing of defendant's motion to dismiss. Andreas Garza, Esq. appeared telephonically for defendant Placer County Superior Court. Plaintiffs Genesia Lei Aloha Oliver and Mary Oliver appeared telephonically on their own behalf. No appearance was made by, or on behalf of, plaintiffs David Oliver or Chalise Wilborn.[1] Oral argument was heard and the motion was taken under submission.

/////

/////

---

[1] On March 4, 2013, plaintiff Chalise Wilborn filed a request to be dismissed from this action. (Doc. No. 32.) No opposition to that request has been filed. Plaintiff Chalise Wilborn's unopposed request will be granted.

1

BACKGROUND

Plaintiffs commenced this action on September 13, 2012, by filing an original complaint and an application to proceed in forma pauperis. (Doc. Nos. 1 & 2.) However, on November 2, 2012, before plaintiffs' original complaint and application to proceed in forma pauperis had been reviewed, plaintiffs paid the required filing fee and summons were issued. (Doc. No. 4.)

On November 5, 2012, before any defendant had filed a responsive pleading, plaintiffs filed an amended complaint. (Am. Compl. (Doc. No. 6).) Therein, plaintiffs allege claims pursuant to 42 U.S.C. § 1983 against the Placer County District Attorney's Office and the Placer County Superior Court for malicious prosecution, setting of excessive bail, false arrest and loss of companionship.[2] (Id. at 4-6.[3])

Counsel for defendant Placer County Superior Court ("defendant") filed the motion to dismiss now pending before the court on February 15, 2013. (Doc. No. 31.) Therein, defendant asserts that plaintiffs' amended complaint should be dismissed based on: (1) the Rooker-Feldman Doctrine; (2) Younger abstention; and (3) sovereign immunity. Plaintiffs' filed their opposition to the motion on March 4, 2013 (Doc. No. 33), and defendant filed its reply on March 19, 2013.[4]

/////

/////

---

[2] On March 28, 2013, the assigned District Judge granted the unopposed motion to dismiss filed by the Placer County District Attorney's Office. (Doc. No. 36.)

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4] On April 23, 2013, plaintiff David Oliver filed a motion requesting "this court to 'barred' and/or 'sanction' County Counsel Jacob based on his second attempt to dismiss this matter . . . ." (Doc. No. 41.) The basis for plaintiff's motion is unclear. Moreover, in filing the motion plaintiff failed to comply with Local Rule 230. Accordingly, plaintiff's motion will be denied without prejudice.

STANDARDS

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6)[5] is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555. <u>See also</u> <u>Iqbal</u>, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

---

[5] Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil Procedure.

facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

Plaintiffs' amended complaint alleges that on April 19, 2011, plaintiff David Oliver was found guilty of violating a "Family Court civil restraining order" issued by defendant Placer County Superior Court. (Am. Compl. (Doc. No. 6) at 2.) However, according to plaintiffs, "the court order was illegal." (Id.) Plaintiffs' allege that as a results of misconduct on the part of the defendant Placer County Superior Court, plaintiff David Oliver was arrested and illegally imprisoned for 90 days. (Id. at 6.) In this regard, plaintiffs allege that there was "no probable cause what so ever that [David Oliver] committed said crime," that plaintiff David Oliver was wrongfully denied bail, and that the resulting "prosecution resulted in his loss of liberty," as a result of which he "will have to endure costly criminal court proceedings to clear his name." (Id. at 4-5.)

Pursuant to the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review alleged errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). The Rooker-Feldman doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010). See Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) ("Federal district

1 courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over
2 state court decisions.").

3    Under the Rooker-Feldman doctrine, a federal district court is precluded from
4 hearing "cases brought by state-court losers complaining of injuries caused by state-court
5 judgments rendered before the district court proceedings commenced and inviting district court
6 review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544
7 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders
8 and judgments, but to interlocutory orders and non-final judgments issued by a state court as
9 well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001);
10 Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986).

11    The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment
12 of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where
13 the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a
14 federal district court from exercising subject matter jurisdiction over a suit that is a de facto
15 appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th
16 Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de
17 facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an
18 allegedly erroneous decision by a state court, and seeks relief from a state court judgment based
19 on that decision.'" Carmona, 603 F.3d at 1050 (quoting Noel, 341 F.3d at 1164). See also Doe
20 v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal
21 courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in
22 state court' seeks 'what in substance would be appellate review of the state judgment in a United
23 States district court, based on the losing party's claim that the state judgment itself violates the
24 loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert.
25 denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment,
26 such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state

5

court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158). See also Exxon, 544 U.S. at 286 n. 1 (stating that "a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Here, although the specifics are unclear from the allegations of the amended complaint, plaintiffs are alleging that David Oliver's arrest, prosecution and the finding that he violated a state court issued restraining order were all unlawful.[6] In this regard, plaintiffs' amended complaint in this civil rights action appears to be a de facto appeal from a state court judgment.

Moreover, the Younger abstention doctrine forbids federal courts from interfering with pending state criminal proceedings by granting injunctive or declaratory, absent extraordinary circumstances that create a threat of irreparable injury. See Younger v. Harris, 401

---

[6] Although the argument was not raised in defendant's motion to dismiss, plaintiffs' amended complaint may also be Heck-barred. See Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("Thus, if finding in favor of a § 1983 plaintiff 'would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed.'")

U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). This doctrine has been extended to apply to certain civil proceedings involving important state interests. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987); Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). In general, Younger abstention is appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise federal questions. Middlesex County Ethics Comm'n, 457 U.S. at 432; Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc).

Here, it appears there are ongoing state judicial proceedings involving plaintiff David Oliver that implicate an important state interest and that provide an adequate opportunity to raise federal questions. On April 17, 2013, plaintiff David Oliver filed a letter with this court stating that "in the same case before [this] court," the Placer County Superior Court "placed a 'No Bail' hold [on plaintiff David Oliver] and stated that it was for 'violation of probation.'" (Doc. No. 40.)

Finally, but perhaps most importantly, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). See also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon

7

Importing Co., 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted).  "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.  The Ninth Circuit has specifically recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

      Here, the only remaining defendant in this action is the Placer County Superior Court.  That court is an arm of the state and is protected from lawsuit by the Eleventh Amendment. See Simmons, 318 F.3d at 1161 (plaintiff cannot state a claim against Sacramento County Superior Court because it is an arm of the state and such suits are barred by the Eleventh Amendment); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (claim against South Orange County Municipal Court barred by Eleventh Amendment because it is "arm of the state"); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 n.10 (9th Cir. 1987) (Eleventh Amendment bars suit against a Superior Court of State of California for damages, injunctive relief, and declaratory relief).[7]

---

[7] Moreover, plaintiffs are advised that they could not cure this defect by naming as a defendant the Superior Court Judge who presided over the state court action because judges are absolutely immune from suit for acts performed in a judicial capacity. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 & n.10 (1993); Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 357-60 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts.").

LEAVE TO AMEND

For all the reasons stated above, plaintiffs' amended complaint should be dismissed for failure to state a claim upon which relief may be granted. The undersigned has carefully considered whether plaintiffs could file a further amended complaint that states a cognizable federal claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of obvious deficiencies of the amended complaint noted above, the undersigned finds that it would be futile to grant plaintiffs leave to amend.[8]

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Chalise Wilborn's March 4, 2013 motion for removal from this action (Doc. No. 32) is granted; and

/////

---

[8] On April 23, 2013, plaintiff David Oliver alone filed a proposed second amended complaint. (Doc. No. 42.) Pursuant to Rule 15, however, plaintiffs have already amended once as a matter of course, and have not obtained the defendant's written consent or the court's leave to file a second amended complaint. Nonetheless, in light of plaintiff Oliver's pro se status, the undersigned has reviewed the proposed second amended complaint in reaching the determination that granting leave to amend would be futile. In this regard, the proposed second amended complaint is brought pursuant to 42 U.S.C. § 1983 and names as the defendants plaintiff David Oliver's public defenders who were appointed to represent him in the state court proceedings. A public defender does not act on behalf of the state when performing his role as counsel for a criminal defendant. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); see also Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender is not a state actor subject to suit under § 1983 because his function is to represent client's interests, not those of state or county); Rodriguez v. Creed, 474 Fed. Appx. 590, 591 (9th Cir. 2012) ("The district court properly dismissed Rodriguez's § 1983 claim against defendants Bratty and Brinkley because public defenders performing traditional lawyer functions are not state actors.").

2. Plaintiff David Oliver's April 23, 2013 motion for sanctions (Doc. No. 41) is denied without prejudice.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant Placer County Superior Court's February 15, 2013 motion to dismiss (Doc. No. 31) be granted;

2. Plaintiffs' November 5, 2012 amended complaint (Doc. No. 6) be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\oliver2388.mtd.f&rs